C. F. DAVIDSON, *Appellant*, v. O. B. CLOW *et al.,*
*Respondents.*[1]

*Burkey & Burkey,* for appellant.
*S. F. McAnally,* for respondents.

BEALS, J.—Plaintiff sues defendants demanding
judgment for a sum equal to one-half of the premium
on a building construction bond. Plaintiff, a building
contractor, discussed with defendants, who owned
some vacant lots in the city of Tacoma, the matter of
erecting a building upon defendants' property.   In

[1] Reported in 271 Pac. 78.

order to obtain money to finance the building, it was necessary that defendants procure a large loan, which was finally arranged for, the mortgagee insisting upon a bond to insure the erection of the building and that the same be kept free from liens. Plaintiff claimed that defendants agreed to pay one-half, or $464.22, of the premium to be paid for this bond; and upon defendants' refusal to pay this amount, brought suit against them to recover judgment therefor, he having paid the entire premium. Defendants answered plaintiff's complaint, denying any liability whatsoever on their part to plaintiff, and asking that the action be dismissed at plaintiff's cost. The issues were tried to a jury which returned a verdict for the defendants. A motion for a new trial having been made by plaintiff and overruled by the court, judgment was entered dismissing the action, from which judgment plaintiff appeals.

Appellant assigns as error the admission of certain evidence received over his objection and the refusal of the lower court to grant a new trial, his motion therefor being based upon alleged misconduct of the jury, and also upon affidavits stating that respondent Anna B. Clow had endeavored to prompt certain of respondents' witnesses while they were giving their testimony.

Appellant bases his first claim of error upon the admission in evidence of an unsigned document stating an agreement between the parties to this action by the terms of which appellant agreed to endeavor to secure for respondents a loan from one or the other of two specified loan companies, the proceeds of the loan to be used in the construction of a building upon respondents' property, the same to be mortgaged as security for the advancement; respondents either to enter into a contract with appellant under the terms

of which he should construct the building for them, or, in the alternative, to pay appellant a commission of three per cent upon the loan which he had procured.

The paper which was received in evidence, being unsigned, was of itself not evidence that any such agreement had ever been entered into; but respondents offered testimony to the effect that they signed a duplicate of this agreement and delivered the same to appellant who took the same into his possession and left with respondents the unsigned copy thereof which was introduced in evidence on their behalf. Respondents' having demanded of appellant production of the signed copy and the same not being produced by appellant, the testimony on behalf of respondents was sufficient to warrant the introduction of the unsigned copy, if it was material to any issue in the case. The paper refers to the construction of a building upon the same property upon which appellant later contracted to construct a building for respondents. The exhibit was properly admitted, its weight was for the jury to determine. We conclude that the trial court did not err in admitting this evidence.

There was much conflict in the testimony introduced by the parties to the action, the jury believed respondents' story, and unless appellant's second assignment of error is well taken, the judgment entered upon the verdict of the jury must stand.

Appellant contends that the jury was guilty of such misconduct that the trial court should have granted his motion for a new trial, and that its failure to do so constituted error which requires reversal of the judgment by this court. To support his contention as to misconduct of the jury, appellant submitted the affidavits of four jurors, as well as his own affidavit and that of one of his counsel. Counter-affidavits made by the remaining jurors, as well as by other persons were

filed by respondents, further affidavits were presented by appellant and the matter was submitted to and carefully considered by the trial court. The affidavits of the jurors as to what happened during their deliberations are extremely conflicting, statements are made, denied, explained and modified to a bewildering extent. The able and experienced judge who presided over the trial was of the opinion that the verdict should stand, and it is our opinion the ruling of the trial court upon this question was correct.

Finally, appellant contends that the respondent Anna B. Clow was guilty of such misconduct as to entitle him to a new trial, in that she, while sitting in the courtroom during the trial, manifested disapproval of testimony which she believed was contrary to respondents' interest; and, while some of respondents' witnesses were testifying, made signs by shaking her head and by gestures for the purpose of prompting the witness on the stand.

Such conduct as that of which Mrs. Clow is accused is, of course, utterly wrong, and in a case where there is substantial ground for belief that the verdict of a jury was based in part upon testimony influenced or suggested by a person sitting in the courtroom, the granting of a new trial might well be proper; but the showing made by appellant as to the conduct of Mrs. Clow falls far short of requiring the granting of such relief in this case. Whatever the effect of Mrs. Clow's conduct may have been upon the testimony of the witnesses—and it does not appear that her actions affected the testimony to even the slightest degree—her demeanor, as is indicated by the affidavits of the jurors, evidently resulted in prejudicing at least certain of the jurors strongly against respondents' case. Upon the record before us we are of the opinion that the

ruling of the trial court on appellant's motion for a new trial was correct.

Respondents in their brief argue that the testimony shows that they have overpaid appellant and ask that this court either render or direct judgment in their favor and against appellant for such overpayment, relying upon Section 9 of Rule III of the rules of this court adopted January 14, 1927 (Rem. 1927 Sup., § 308-3), as authorizing such action. No application was made to the trial court by respondents for leave to amend their answer, nor was the matter of any affirmative judgment in their favor suggested at any time prior to the filing of their brief here.

Assuming, without deciding, that the rule invoked by respondents authorizes the granting of the relief which respondents ask, an examination of the record convinces us that their application for an affirmative judgment in their favor against appellant should not be entertained.

The judgment appealed from is affirmed.

FULLERTON, C. J., ASKREN, HOLCOMB, and MAIN, JJ., concur.